```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

THOMAS J. SPITALNY,

           Plaintiff,

vs.                                        Case No.   2:05-cv-12-FtM-29SPC

INSURERS UNLIMITED, INC., a Florida
corporation and JAMES K. CULLEY, in
his individual capacity

           Defendants.
_____

## **OPINION AND ORDER**

     This matter comes before the Court on plaintiff Thomas J. Spitalny's (Spitalny) Motion to Dismiss Defendants' Counterclaims for Abuse of Process and Defamation, to Strike Defendants' Claims for Attorney Fees and Injunctive Relief, and/or For a More Definite Statement of Defamation Claim (Docs. #21), filed on March 18, 2005.[1]  Counter-Plaintiffs Insurers Unlimited, Inc. (Insurers Unlimited) and James K. Culley (Culley) filed their Response in Opposition (Doc. #24) on April 1, 2005.

---

[1] Spitalny initially filed the instant three-part motion on March 18.  Subsequently, Spitalny re-filed the Motion to Strike (Doc. #22) and the Motion for More Definite Statement of Defamation Claim (Doc. #23) as separate petitions for relief on March 21, 2005.  The Court addresses all three motions in this Order.

I.

A motion to dismiss a counterclaim under Fed. R. Civ. P. 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint. Fabricant v. Sears Roebuck, 202 F.R.D. 306, 308 (S.D. Fla. 2001). In deciding a motion to dismiss, the Court must accept all factual allegations in the counterclaim as true and take them in the light most favorable to the counter-claimant. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A counterclaim should not be dismissed unless it appears beyond doubt that the counter-claimant can prove no set of facts that would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a counterclaim must simply give fair notice of what the counter-claimant's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). However, dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of the counterclaim, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a counterclaim. Marsh, 268 F.3d at 1036 n.16.

**II.**

In his Complaint (Doc. #1), Spitalny alleges that Insurers Unlimited and Culley subjected him to unlawful employment practices based on his Jewish religion and his Jewish race/ethnicity. In their Counterclaim, Insurers Unlimited and Culley allege that after the filing of this Complaint, Spitalny began a campaign of disseminating, by e-mail and other means, the baseless and false allegations to members of the insurance business community nationwide. (Doc. #17, ¶¶ 20, 22). Count I of the Counterclaim alleges a claim for abuse of process. It asserts that Spitalny willfully and intentionally misused the civil process for the wrongful primary purpose of defaming the reputation of Insurers Unlimited and its officers and damaging Insurers Unlimited's business and contractual relationships. (Id. at ¶ 22). Count II alleges defamation for falsely stating that Culley and/or other officers of Insurers Unlimited made derogatory anti-Semetic comments about the Jewish people and Spitalny. Spitalny asserts that neither count states a claim upon which relief may be granted.

**III.**

Spitalny asserts that Count One of the Counterclaim fails to plead facts sufficient to state a claim for abuse of process under Florida law. The Court agrees.

Under Florida law, abuse of process involves the use of criminal or civil legal process against another primarily to

accomplish a purpose for which it was not designed. See Cline v. Flagler Sales Corp., 207 So. 2d 709, 711 (Fla. 3d DCA 1968). "A cause of action for abuse of process requires both allegations of a willful and intentional misuse of process for some wrongful or unlawful object, or collateral purpose, and that the act or acts constituting the misuse occur after the process is issued." Miami Herald Pub. Co., Div. of Knight-Ridder v. FERRE, 636 F. Supp. 970, 974-975 (S.D. Fla. 1985) (interpreting Florida law regarding abuse of process); see also Marty v. Gresh, 501 So. 2d 87, 89 (Fla. 1st DCA 1987) (finding that the abuse of process is concerned with the improper use of process after it issues). "[F]iling a lawsuit with the ulterior motive of harassment does not constitute abuse of process....[T]he tort of abuse of process is concerned with the improper use of process after it issues." Della-Donna v. Nova Univ., Inc., 512 So. 2d 1051, 1055-56 (Fla. 4th DCA 1987); see also Blue Dolphin, Inc. v. United States, 666 F. Supp. 1538, 1541 (S.D. Fla. 1987); MiTek Holdings, Inc. v. Arce Eng'g Co., 864 F. Supp. 1568, 1574 (S.D. Fla. 1994); Steinhilber v. Lamoree, 825 F. Supp. 1003, 1006 (S.D. Fla. 1992); FERRE, 636 F. Supp. at 974-975 ("[I]t is clear that FERRE's contentions that plaintiffs have abused process by commencing this lawsuit and by failing to follow procedures under the Records Act before this lawsuit was commenced, fail to state a claim for relief insofar as neither involves the requisite allegation of post-issuance of process abuse.").

Count I alleges that after the filing of the Complaint, Spitalny began a campaign of disseminating, by e-mail and other means, the baseless and false allegations to members of the insurance business community nationwide.  (Doc. #17, ¶¶ 20, 22).  This is sufficient under federal notice pleading requirements to satisfy the chronological "post-process" requirement.  Count I further asserts that Spitalny willfully and intentionally misused the civil process for the wrongful primary purpose of defaming the reputation of Insurers Unlimited and its officers and damaging Insurers Unlimited's business and contractual relationships.  (Id. at ¶ 22).  This is not sufficient, even under federal notice pleading, to satisfy the requirement that the process be used for some wrongful or unlawful or collateral purpose.  Count I says nothing more than that the allegations in the Complaint are not true and the Complaint was filed simply as a vehicle to disseminate such untruths for an improper purpose.  This is not sufficient. Bothmann v. Harrington, 458 So. 2d 1163, 1169 n.8 (Fla. 3d DCA 1984); see also McMurray v. U-Haul Co., Inc., 425 So. 2d 1208, 1209 n.1 (Fla. 4th DCA 1983) ("In order to sustain an action for abuse of process two elements are essential, (1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge.").  The motion will be granted as to Count I.

**IV.**

Spitalny also contends that Count II of the Counterclaim fails to state a claim.  According to Spitalny, the allegedly defamatory statements were made in quasi-judicial or judicial proceedings, and consequently, they are absolutely privileged.

To establish a cause of action for defamation under Florida law, a counter-claimant must show that (1) the defendant published a false statement about the counter-claimant, (2) to a third party, and (3) the falsity of the statement caused injury to the counter-claimant.  Rubin v. U.S. News & World Report, Inc., 271 F.3d 1305, 1306 (11th Cir. 2001) ("Under Florida law a private figure is entitled to recover in a defamation action if the defendant negligently broadcasts defamatory, false statements or statements with false and defamatory implications and the broadcast results in actual damage to the private figure."); see also Razner v. Wellington Reg'l Med. Ctr., Inc., 837 So. 2d 437, 442 (Fla. 4th DCA 2002); citing Valencia v. Citibank Int'l., 728 So. 2d 330, 330 (Fla. 3d DCA 1999).  When bringing a cause of action for defamation based on oral statements, a counter-claimant need not set out the defamatory language verbatim; it is sufficient that the counter-claimant set out the substance of the spoken words with sufficient particularity to enable the court to determine whether the publication was defamatory.  Razner, 837 So. 2d at 442; citing Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So. 2d 51, 55 (Fla. 3d DCA 1982).

Florida's litigation privilege affords absolute immunity for acts occurring during the course of judicial proceedings. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1274 (11th Cir. 2004). The privilege initially developed to protect litigants and attorneys from liability for acts of defamation, but has since been extended to cover all acts related to and occurring within judicial proceedings. Id., citing Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co., 639 So.2d 606, 607-08 (Fla. 1994). In Levin, the Florida Supreme Court explained the scope and rationale of the privilege:

> [A]bsolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior...so long as the act has some relation to the proceeding. The rationale behind the immunity afforded to defamatory statements is equally applicable to other misconduct occurring during the course of a judicial proceeding. Just as participants in litigation must be free to engage in unhindered communication, so too must those participants be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct.

639 So. 2d at 608. "Generally, immunity is an affirmative defense that should be pled by the party asserting it, and which may thereafter be considered after the facts are fleshed out by summary judgment or trial." Fariello v. Gavin, 873 So. 2d 1243, 1245 (Fla. 5th DCA 2004). There may, however, be exceptional cases in which the facts giving application to the defense are clearly apparent on the face of the complaint, in which case the defense may be raised

-7-

by motion to dismiss. Id., see, e.g., Kirvin v. Clark, 396 So. 2d 1203 (Fla. 1st DCA 1981).

Having reviewed the Counterclaim, the Court finds that this is not one of the exceptional cases where the privilege can be decided on the face of the pleading. Counter-plaintiffs alleged Spitalny falsely stated that counter-plaintiffs made anti-semitic comments and published these derogatory remarks via e-mail and other means to members of the insurance business industry, and as a result they suffered damages to reputation and contractual relationships. Counter-plaintiffs allege that Spitalny has made these alleged defamatory statements outside of the judicial proceeding, i.e., in e-mail messages and other means to members of the insurance business industry. The litigation privilege defense is not available in the motion to dismiss context under these circumstances. Therefore, the motion to dismiss as to Count II of the Counterclaim is due to be denied.

**V.**

Fed. R. Civ. P. 12(f) governs motions to strike, and states in pertinent part as follows: "Upon motion made by a party ... or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Spitalny contends that the Court should strike counter-plaintiffs' request for attorneys' fees and injunctive relief because counter-plaintiffs did not provide a basis for their demand. The Court

-8-

agrees that there is no basis to award attorney fees even if counter-plaintiffs prevail on the state law claim, and no basis for issuance of an injunction. This requested relief is therefore immaterial, and Spitalny's Motion to Strike is due to be granted.

Accordingly, it is now

**ORDERED:**

1. Counter-Defendant Thomas J. Spitalny's Motion to Dismiss Defendants' Counterclaims for Abuse of Process and Defamation (Doc. #21) is **GRANTED** in part and **DENIED** in part. The Court grants the Motion to Dismiss as to Count I (abuse of process), and denies the instant motion as to Count II (defamation).

2. Counter-defendant's Motion to Strike Defendants' Claims for Attorney Fees and Injunctive Relief (Doc. #22) is **GRANTED.**

3. Counter-defendant's Motion to Strike, alternatively Motion For a More Definite Statement of, Defamation Claim (Doc. #23) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this ___24th___ day of June, 2005.

_____
JOHN E. STEELE
United States District Judge